

**ORDERED in the Southern District of Florida on December 03, 2010.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re

HUGO GERARDO AVENDANO                    Case No. 09-36558-BKC-AJC
and DIANA PATRICIA QUIROS,

      Debtors.
_____/

### ORDER GRANTING DEBTORS' MOTION TO VALUE REAL PROPERTY AND DETERMINE STATUS OF LIEN HELD BY SOUTH BEACH MORTGAGE AND INVESTMENT, CORP. (CP#56)

THIS MATTER came before the Court on the 31st day of August 2010 for evidentiary hearing on Debtors' Motion to Value Real Property and Determine Status of Lien Held by South Beach Mortgage and Investment, Corp.(CP 56). The Court, having heard testimony of Diana Quiros and expert witnesses on behalf of the parties, having considered exhibits admitted into evidence at the hearing, and having heard argument of counsel, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1. The Debtors filed their Chapter 13 petition on December 1, 2009.

2. The Debtors own their homestead, located at 7346 SW 106 Court, Miami, Florida 33173 and legally described as:

> LOT 176, OF CREEKSIDE VILLAS SECTION TWO, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT-BOOK 113, AT PAGE 89 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.
> (A/K/A 30-4032-032-0820)

3. As of the petition date, the Debtors' homestead was subject to two (2) mortgages, a first mortgage then held by Hayhurst Mortgage, Inc. ("HAYHURST") (subsequently assigned to GREEN TREE) and a second mortgage held by South Beach Mortgage and Investment, Corp. ("SOUTH BEACH"). In Schedule D, the Debtors disclosed the existence of the two (2) secured claims against their homestead, valuing the first mortgage held by HAYHURST at $161,693.82 with a $930.00 arrearage on maintenance assessments owed to Towngate Villas HOA ("TOWNGATE") (this arrearage is also reflected in Debtors' Fourth Amended Plan), for a total of $162,623.82.

4. In Schedule A, dated January 5, 2010 and filed on January 12, 2010, the Debtors disclosed the ownership of their homestead and stated the value as $162,190.00. On or about April 2, 2010, the Debtors obtained an appraisal (Debtors' Exhibit A admitted into evidence) of their homestead from Dariel Vazquez ("VAZQUEZ"), a State of Florida Certified Residential Real Estate Appraiser, which indicated the value of the property to be $144,000.00. This appraised value is what

the Debtors set forth as the value of their home in their Motion to Value dated and filed May 25, 2010.

     5.    On June 15, 2010, SOUTH BEACH filed its Objection to Debtors' Motion to Value, claiming the homestead had a value in excess of $160,000.00. An Amended Objection to Debtors' Motion to Value followed and stated the homestead had a value in excess of $165,000 as of the petition date. SOUTH BEACH later obtained an appraisal, on the eve of the hearing on the Motion, from Steven Maltagliati ("MALTAGLIATI"), a State of Florida Certified General Real Estate Appraiser. The appraisal indicates the subject property had a value of $165,000.00 as of December 1, 2009.

     6.    At the hearing on the Motion, the Debtor testified that the payoff of the HAYHURST mortgage, now held by GREEN TREE, was $170,396.16 as of August 26, 2010, which payoff amount included insurance fees of $11,108.33. She further testified that the insurance premium on the homestead, renewed and paid for by GREEN TREE on August 28, 2010, was $3,128.

     7.    The Court heard the testimony of both appraisers VAZQUEZ and MALTAGLIATI. The Court finds the testimony by VAZQUEZ to be credible and reliable. His analysis of the value of the property involved the consideration of recent sales within the past few months prior to the hearing. On the other hand, the Court found the testimony of MALTAGLIATI to be unreliable; MALTAGLIATI's comparative analysis was askewed given today's failing economy.

     8.    The VAZQUEZ appraisal offered by the Debtors stated an effective date of May 30, 2010. Although SOUTH BEACH emphasized the discrepancy between that date and the stated April 3, 2010 date of signature and report, the Court finds that to be much ado about nothing. VAZQUEZ testified credibly that the May 30, 2010 date was entered in error. Thus, for purposes

of the Court's decision herein, the appraisal offered by the Debtors will be considered to indicate a value at or near the date of the hearing on the Motion, as opposed to the petition date.

9. The MATAGLIATI appraisal offered by SOUTH BEACH stated an effective date of December 1, 2009. For purposes of the Court's decision herein, the appraisal offered by SOUTH BEACH will be considered to indicate a value at or near the petition date.

10. The Court recognizes there are two (2) schools of thought as to the appropriate valuation date on Chapter 13 motions to value pursuant to 11 U.S.C. §506(a) – the petition date and the plan's effective date as described in 11 U.S.C. §1325(a)(4). However, the Court feels it does not need to decide the issue of which is the appropriate date. Even if the Court uses the petition date as the valuation date in this case (admittedly a higher valuation period, as both appraisers agreed that the One-Unit Housing Trend showed property values declining since that time), such an analysis of the value of SOUTH BEACH's collateral (i.e., the value of the subject property less all senior encumbrances) results in the finding that the value of the subject property as of the petition date is, at most, $156,660. This figure is arrived at by taking the appraised value as rendered by appraiser MATAGLIATI, ($165,000) and reducing it by $8,340 (the difference between the GLA adjustments used by appraisers MATTAGLIATI and VAZQUEZ on the comparable sale property (Comparable 1) that was included in both appraisals). The Court finds this adjustment of the value to be justified by the credible rebuttal testimony of appraiser VAZQUEZ. The GLA adjustment factor utilized by appraiser MATAGLIATI was overstated.

11. The Court finds that as of the petition date the total of the encumbrances on the subject property senior to that of SOUTH BEACH is $162,623.82. This figure represents the balances owed to the first mortgage (formerly HAYHURST and now GREEN TREE) and the

homeowners association (TOWNGATE). In this case, the figures utilized are those figures reflected in the Debtors' Schedule D introduced into evidence as SOUTH BEACH's Exhibit 3.

12. The Court finds that as of the petition date herein there was no equity in the Debtors' homestead over and above the senior encumbrances of GREEN TREE and TOWNGATE to secure the lien of SOUTH BEACH. Therefore, SOUTH BEACH has a secured claim in the amount of zero dollars and zero cents. Further, SOUTH BEACH has not filed a proof of claim in this case for an unsecured claim.

## CONCLUSIONS OF LAW

It is well settled law that where a lienor's collateral value is insufficient to support at least part of the lien, the creditor does not hold a secured claim for purposes of bankruptcy, and its lien can be "stripped off" the collateral. *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000). Seven other Courts of Appeals, including the First, Second, Third, Fifth, Sixth, Ninth and Tenth, have reached this conclusion. Notwithstanding, this Court believes equity demands that the claimant be allowed the opportunity to assert a general unsecured claim upon a determination that a mortgage is unsecured by the value of the collateral.

Thus, as noted, the Court does not decide the issue of whether the appropriate valuation date for the subject property is the petition date or the plan's effective date, but has instead utilized the petition date as the valuation date in this case as it results in an analysis that construes the facts in a light most favorable to SOUTH BEACH, thus resolving all issues in its favor and against the Debtors. Accordingly, it is

ORDERED AND ADJUDGED that the Motion is GRANTED and SOUTH BEACH's mortgage (evidenced by that Assignment of Mortgage dated January 9, 2006 and recorded on

January 17, 2007 at OR Book 25281, Page 4542 of the Public Records of Miami-Dade County, Florida) dated January 9, 2006 and recorded on January 13, 2006 at OR Book 24143, Page 4218 of the Public Records of Miami-Dade County, Florida is not secured, in any amount, and is therefore AVOIDED *upon entry of the Debtors' discharge in this Chapter 13 case*. If this case is converted to a case under any other chapter or if the Chapter 13 case is dismissed, SOUTH BEACH's mortgage is not avoided and shall remain in full force and effect. It is further

ORDERED AND ADJUDGED that SOUTH BEACH is allowed thirty (30) days from entry of this order within which to file a proof of claim for any unsecured claim it has in this case.

###

SUBMITTED BY:
James Schwitalla, Esquire
The Bankruptcy Law Offices of James Schwitalla, P.A.
12954 SW 133 Court, Miami, FL 33186
Phone: 305.278.0811, Fax: 305.278.0812
jws@MiamiBKC.net

Attorney Schwitalla is directed to serve copies of this order on all interested parties and shall file a certificate of service of same.